UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT TROHA, Derivatively on Behalf of NEW FORTRESS ENERGY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>WESLEY R. EDENS, CHRISTOPHER S. GUINTA, RANDAL A. NARDONE, DESMOND IAIN CATTERALL, DAVID J. GRAIN, C. WILLIAM GRIFFIN, TIMOTHY W. JAY, JOHN J. MACK, and KATHERINE E. WANNER,<br><br>Defendants,<br><br>and,<br><br>NEW FORTRESS ENERGY, INC.,<br><br>Nominal Defendant. | Case No. 1:25-cv-05010<br><br><br><br>**JOINT STIPULATION AND [PROPOSED] ORDER CONSOLIDATING ACTIONS AND APPOINTING LEAD COUNSEL** |
| ADRIAN LITTLE, Derivatively on Behalf of NEW FORTRESS ENERGY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>WESLEY R. EDENS, CHRISTOPHER S. GUINTA, RANDAL A. NARDONE, DESMOND IAIN CATTERALL, DAVID J. GRAIN, C. WILLIAM GRIFFIN, TIMOTHY W. JAY, JOHN J. MACK, KATHERINE E. WANNER, and MATTHEW WILKINSON,<br><br>Defendants,<br><br>and,<br><br>NEW FORTRESS ENERGY, INC., | Case No. 1:25-cv-05341 |

Nominal Defendant.

---

| | |
|---|---|
| ALEXANDER SMITH, Derivatively on Behalf of NEW FORTRESS ENERGY, INC., | Case No. 1:25-cv-05493 |
| Plaintiff, | |
| v. | |
| WESLEY ROBERT EDENS, CHRISTOPHER S. GUINTA, RANDAL A. NARDONE, DESMOND IAIN CATTERALL, DAVID J. GRAIN, C. WILLIAM GRIFFIN, TIMOTHY W. JAY, KATHERINE E. WANNER, JOHN J. MACK, and MATTHEW WILKINSON, | |
| Defendants, | |
| and, | |
| NEW FORTRESS ENERGY, INC., | |
| Nominal Defendant. | |
| JOHN WEIS, Derivatively on Behalf of NEW FORTRESS ENERGY, INC., | Case No. 1:25-cv-06010-VM |
| Plaintiff, | |
| v. | |
| WESLEY R. EDENS, CHRISTOPHER S. GUINTA, RANDAL A. NARDONE, DESMOND IAIN CATTERALL, DAVID J. GRAIN, C. WILLIAM GRIFFIN, TIMOTHY W. JAY, KATHERINE E. WANNER, JOHN J. MACK, and MATTHEW WILKINSON, | |
| Defendants, | |
| and, | |

| NEW FORTRESS ENERGY, INC., |
|---|
| Nominal Defendant. |

Plaintiffs Robert Troha ("Troha"), Adrian Little ("Little"), Alexander Smith ("Smith") and John Weis ("Weis," and together with Troha, Little, and Smith, "Plaintiffs"), Nominal Defendant New Fortress Energy, Inc. ("New Fortress" or the "Company"), and Defendants Wesley R. Edens, Christopher S. Guinta, Randal A. Nardone, Desmond Iain Catterall, David J. Grain, C. William Griffin, Timothy W. Jay, Katherine E. Wanner, John J. Mack, and Matthew Wilkinson (collectively, the "Individual Defendants," and together with New Fortress, "Defendants"), by and through their undersigned counsel, jointly move as follows:

**WHEREAS**, on June 13, 2025, plaintiff Troha filed a verified stockholder derivative complaint on behalf of New Fortress Energy against Defendants Wesley R. Edens, Christopher S. Guinta, Randal A. Nardone, Desmond Iain Catterall, David J. Grain, C. William Griffin, Timothy W. Jay, Katherine E. Wanner, and John J. Mack asserting claims for breach of fiduciary duty, violations of Section 14(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), unjust enrichment, and waste of corporate assets (the "*Troha* Action");

**WHEREAS**, on June 26, 2025, plaintiff Little filed a verified stockholder derivative complaint on behalf of New Fortress against the Individual Defendants asserting claims for breach of fiduciary duty, violations of Section 14(a) of the Exchange Act, unjust enrichment, and waste of corporate assets (the "*Little* Action");

**WHEREAS**, on July 2, 2025, plaintiff Smith filed a verified stockholder derivative complaint on behalf of New Fortress against the Individual Defendants asserting claims for violations of Section 14(a) of the Exchange Act, violations of Section 10(b) of the Exchange Act

3

and/or Section 20(a) of the Exchange Act, breaches of fiduciary duties, unjust enrichment, abuse of control, gross mismanagement, and waste of corporate assets (the "*Smith* Action");

**WHEREAS**, on June 11, 2025, plaintiff Weis filed a sealed verified stockholder derivative complaint on behalf of New Fortress with a motion for leave to file a redacted complaint following a books and records inspection demand pursuant to 8 *Del. C.* § 220 in the case captioned: *Weis v. Edens, et al.*, Case No. 1:25-mc-00258. On July 21, 2025, the Court granted plaintiff Weis' motion and on July 22, 2025, plaintiff Weis filed his redacted complaint against the Individual Defendants asserting claims for breach of fiduciary duty, gross mismanagement, waste of corporate assets, unjust enrichment, aiding and abetting, and violations of Section 14(a) of the Exchange Act under the case number1:25-cv-06010 (the "*Weis* Action");

**WHEREAS**, Plaintiffs agree that the above-captioned shareholder derivative actions (the "Derivative Actions") contain substantially similar factual and legal contentions and that the administration of justice would be best served by consolidating the Derivative Actions and appointing Lead Counsel as set forth herein;

**WHEREAS**, under Fed. R. Civ. P. 42(a), when actions involve "a common question of law or fact," the Court may "(1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay";

**WHEREAS**, without waiving any rights, arguments or defenses, Defendants agree that the Derivative Actions should be consolidated and take no position regarding appointment of Lead Counsel; and

**WHEREAS**, without waiving any rights, arguments or defenses, including but not limited to the Court's jurisdiction over the Derivative Actions or any of the claims alleged therein,

4

Defendants agree that the Derivative Actions should be consolidated and take no position regarding appointment of Lead Counsel.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by Plaintiffs and Defendants (together, the "Parties"), through their undersigned counsel, subject to the approval of the Court, as follows:

1. New Fortress and the Individual Defendants, through their undersigned counsel, hereby accept service of the summons and complaints in the Derivative Actions without waiver of any rights or defenses, except as to sufficiency of service.

2. Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, the *Troha, Little, Smith,* and *Weis* Actions are hereby consolidated for all purposes, including pretrial proceedings, trial, and appeal, and are referred to herein as the "Consolidated Derivative Action."

3. The file in *Troha v. Edens, et al.*, Case No.: 1:25-cv-05010, shall constitute the Master File for every action in the Consolidated Derivative Action. All documents previously filed and/or served in the Derivative Actions shall be deemed a part of the record in the Consolidated Derivative Action. When a document being filed pertains to all Derivative Actions, the phrase "This Documents Relates to All Actions" shall be placed on the cover page. When a pleading applies only to some, not all, of the Actions, the document shall list on the cover page the phrase "This Document Relates To:", the docket number for each individual action to which the document applies, along with the last name of the first-listed plaintiff in said action.

4. Every pleading filed in the Consolidated Derivative Action, or in any separate action included, shall bear the following caption:

| IN RE NEW FORTRESS ENERGY, INC. STOCKHOLDER DERIVATIVE LITIGATION | Master File No.: 1:25-cv-05010 |
|---|---|

5. Gainey McKenna & Egleston ("GM&E") is designated as Lead Counsel for Plaintiffs in the Consolidated Derivative Action. Plaintiffs contend that their counsel, GM&E, are well-qualified to coordinate the prosecution of the claims they assert derivatively on behalf of the Company and have served as lead or co-lead counsel in various other shareholder derivative lawsuits, including together. ~~See Firm Résumé attached hereto as Exhibit A~~. Defendants take no position on the qualifications or appointment of Lead Counsel for Plaintiffs.

6. Lead Counsel shall represent Plaintiffs in the prosecution of the Consolidated Derivative Action, determine and present to the Court and opposing parties the position of Plaintiffs on all matters arising during pretrial negotiations, delegate and monitor the work performed by Plaintiffs' attorneys to ensure that there is no duplication of effort or unnecessary expense, coordinate on behalf of the Plaintiffs the initiation and conduct of discovery proceedings, have the authority to negotiate matters with Defendants' counsel, and perform such other duties as may be incidental to the proper coordination of Plaintiffs' pretrial activities or authorized by further order of the Court. Defendants' counsel may rely on all agreements made with Lead Counsel, or other duly authorized representatives of Lead Counsel, and such agreements shall be binding on all Plaintiffs.

7. This Stipulation and Order shall apply to each shareholder derivative action arising out of the same, or substantially the same, transactions or events as these cases, which is subsequently filed in, removed to, reassigned to, or transferred to this Court. When a shareholder derivative action that properly belongs as part of *In re New Fortress Energy, Inc. Derivative Litigation*, Lead Case No. 1:25-cv-05010, is hereafter filed in the Court, removed to this Court, reassigned to the Court, or transferred here from another court, this Court requests the assistance

of counsel in calling to the attention of the clerk of the Court the filing, removal, reassignment, or transfer of any case that might properly be consolidated as part of *In re New Fortress Energy, Inc. Derivative Litigation*, Lead Case No. 1:25-cv-05010, and counsel are to assist in assuring that counsel in subsequent actions receive notice of this order. Unless otherwise ordered, the terms of all orders, rulings, and decisions in the Consolidated Derivative Action shall apply to all later shareholder derivative actions involving New Fortress filed in this Court, and such shareholder derivative actions shall be consolidated into the Consolidated Derivative Action.

8.  The Parties hereto shall meet and confer and within sixty (60) days of this Stipulation being so-ordered to submit a proposed schedule for the orderly progress of the Consolidated Derivative Action.

Dated: July 29, 2025

| | |
|---|---|
| **KUEHN LAW, PLLC** | **SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP** |
| /s/ *Justin A. Kuehn* <br> Justin A. Kuehn <br> 53 Hill Street <br> Southampton, NY 11968 <br> Tel: (833) 672-0814 <br> Email: justin@kuehn.law <br><br> *Attorneys for Plaintiff Troha* | /s/ *Scott D. Musoff* <br> Scott D. Musoff <br> One Manhattan West <br> New York, NY 10001 <br> Tel: (212) 735-3000 <br> Fax: (212)735-2000 <br> Email: scott.musoff@skadden.com |
| **THE ROSEN LAW FIRM, P.A.** | **SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP** |
| /s/ *Philip Kim* <br> Philip Kim <br> 275 Madison Avenue, 40th Floor <br> New York, NY 10016 <br> Tel: (212) 686-1060 <br> Fax: (212) 202-3827 <br> Email: philkim@rosenlegal.com <br><br> *Attorneys for Plaintiff Little* | /s/ *Joseph O. Larkin* <br> Joseph O. Larkin <br> One Rodney Square <br> 920 N. King Street <br> Wilmington, DE 19801 <br> Tel: (302) 651-3000 <br> Fax: (302) 651-3001 <br> Email: joseph.larkin@skadden.com |

**LIFSHITZ LAW PLLC**

/s/ *Joshua M. Lifshitz*
Joshua M. Lifshitz
1190 Broadway
Hewlett, NY 11557
Tel: (516) 493-9780
Fax: (516) 280-7376
Email: jlifshitz@lifshitzlaw.com

*Attorneys for Plaintiff Smith*

**GAINEY McKENNA & EGLESTON**

/s/ *Thomas J. McKenna*
Thomas J. McKenna
Gregory M. Egleston
Christopher M. Brain
260 Madison Avenue, 22nd Floor
New York, NY 10016
Tel: (212) 983-1300
Fax: (212) 983-0383
Email: tjmckenna@gme-law.com
Email: egleston@gme-law.com
Email: cbrain@gme-law.com

*Attorneys for Plaintiff Weis*

*Attorneys for Defendants*

**SO ORDERED.**

DATED: _____8/6_____, 2025

_____
United States District Judge John G. Koeltl

8